# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CEDRIX GRIFFIN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 14-546-FHS-KEW |
| | ) | |
| **ARTHUR LIGHTLE, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the court on Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Dkt. 1) and his supplement to the petition (Dkt. 8-9). Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, is challenging a prison disciplinary proceeding in which he received a sanction of thirty (30) days of segregation, but no loss of earned credits. He is seeking to invalidate his disciplinary conviction and have it expunged from the record, alleging there is no evidence to support the finding of his guilt, and he is actually innocent of any misconduct violation.

The record shows that on December 22, 2013, Petitioner was issued an Offense Report for the offense of Group Disruptive Behavior, arising from a fight involving at least six inmates. (Dkt. 6-2). On January 3, 2014, an Investigative Report was prepared, stating Petitioner had received all the documentary evidence. (Dkt. 6-3 at 1). The investigator noted that Petitioner refused to participate in the investigation or to sign the report. *Id*. Petitioner received copies of the Offense Report, Investigator's Report, Facility Emergency Anatomical Forms, and Incident Reports. *Id*. at 2.

A disciplinary hearing was conducted on January 10, 2014, and the hearing officer found Petitioner guilty, based on the statement by Correctional Officer Eddy that Petitioner was involved in a group fight on Charlie North. (Dkt. 6-4). Discipline of thirty days' segregation was imposed. *Id.* The facility head reviewed and approved the disposition the same day, and Petitioner received a copy of the report on January 15, 2014. *Id.*

On January 21, 2014, the Warden's Office received Petitioner's Misconduct Appeal Form that claimed there was no evidence to support the misconduct conviction and that he was not permitted (1) the opportunity to present relevant witnesses or to submit relevant written witness statements, (2) to present relevant documentary evidence, or (3) to attend the hearing. (Dkt. 6-5 at 1). Petitioner alleged he was not the instigator, but was instead the victim of the incident. *Id*. at 2. He also claimed the recording from the camera on Charlie North Unit could prove his innocence. *Id.* On January 27, 2014, the facility head conducted a due process review and determined due process had been provided. (Dkt. 6-6).

Petitioner's initial appeal to the Administrative Review Authority (ARA) was returned unanswered on February 12, 2014, because the appeal form was incomplete. (Dkt. 6-7). The ARA received Petitioner's resubmitted Misconduct Appeal Form on February 24, 2014. (Dkt. 6-8). On March 4, 2014, the Director's Designee concurred with the decision of the Facility Head that sufficient evidence existed for the finding of guilt and that Petitioner had received due process. (Dkt. 6-9).[1]

Petitioner filed a Petition for Judicial Review in the Oklahoma County District Court. (Dkt. 6-10). The petition was denied in Case No. CV-2014-915 on August 1, 2014, because

---

[1] The response from the Director's Designee expressly found that Petitioner was present at his disciplinary hearing. (Dkt. 6-9 at 1).

no evidence of a due process violation in the disciplinary action was provided. *Id.* Petitioner did not appeal the denial to the Oklahoma Court of Criminal Appeals. (Dkt. 6-11).

The respondent alleges in his response to this habeas corpus petition that Petitioner failed to fully exhaust his state judicial remedy through a appeal of the denial of his Petition for Judicial Review, pursuant to Okla. Stat. tit. 57, § 564.1. (Dkt. 6). The pertinent part of the statute states:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

Okla. Stat. tit. 57, § 564.1(A).

The statute clearly states that a Petition for Judicial Review can be filed only when earned credits are revoked through prison disciplinary proceedings. Therefore, the procedures of Okla. Stat. tit. 57, § 564.1, are inapplicable to Petitioner's case, and he has exhausted his administrative remedies.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support

3

disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

The record shows the Investigator's Report, which Petitioner refused to sign, indicates Petitioner did not wish to present witnesses, and he did not provide documentary evidence. (Dkt. 6-3 at 1). Petitioner was present at the hearing, and the Disciplinary Hearing Report cites a written statement of evidence which was relied upon for the finding of guilt. (Dkt. 6-9 at 1).

After careful review, the Court finds the requirements of *Wolff* were met in Petitioner's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-456 (citations omitted).

Finally, the court finds the petition must be denied, because Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States," a requirement under 28 U.S.C. § 2241. A 28 U.S.C. § 2241 petition challenges the execution of a sentence, *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000), but Petitioner has not alleged the results of the disciplinary hearing affected the administration of his sentence. Therefore, habeas relief under § 2241 is not available to him.

Based on the foregoing reasons, the court finds Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be denied. The Court further concludes petitioner has not shown "at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c).

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and he is denied a certificate of appealability.

Ordered this 8th day of January, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma